JOHN A. ROBERTIE

v.

CITY OF FAIRFAX

No. 1497-88-4

Decided May 22, 1990

COUNSEL

Dickson J. Young (Whitestone, Phillips, Brent, Young & Merril, P.C., on brief), for appellant.

David E. Field (Falcone & Rosenfeld, Ltd., on brief), for appellee.

OPINION

**COLEMAN, J.**—The defendant appeals his conviction for refusing to submit to having a breath or blood sample taken following his arrest for driving while intoxicated in the City of Fairfax.[1] After his arrest in the City of Fairfax, the officer took the defendant before a magistrate in Fairfax County in order to obtain warrants and to secure the declaration of refusal, provided the defendant continued to refuse before the magistrate to submit a blood or breath sample.[2] The defendant claims that, because his refusal occurred in Fairfax County where the magistrate certified the declaration of refusal, and not in the city where the driving offense and arrest occurred, punishing him for refusing to submit to having a

---

[1] The Circuit Court for Fairfax County is the circuit court for Fairfax County and the City of Fairfax.

[2] Section 13.1 of the Code of the City of Fairfax, which he was charged with violating, incorporates by reference Code § 18.2-268, Virginia's implied consent statute.

sample taken in violation of the city's implied consent ordinance impermissibly gives the city's ordinance extraterritorial effect.

■ We reject the defendant's assertion that the jurisdiction in which the driving offense occurred did not have authority to prosecute an individual for refusal to give a breath or blood sample because the declaration of refusal was executed before a magistrate in another jurisdiction. The requirement that the declaration be before a magistrate is a procedural, not a substantive, requirement of the implied consent statute designed to provide *prima facie* evidence of refusal and provide an accused with an impartial judicial review of his or her justifications in refusing. Code § 18.2-268(S). The magistrate only verifies the arrested individual's initial refusal to the arresting officer, Code § 18.2-268(E), which refusal is deemed under the implied consent statute to have occurred where the act of driving occurred.

■ "Implied consent laws," which are based upon public policy and highway safety concerns, provide that before the sovereign is required to authorize motorists to operate upon its highways, it may require through its police powers that motorists consent to giving a breath or blood sample when charged with operating a vehicle while intoxicated. Since consent is deemed to have been given at the time of driving, the refusal to abide by that consent necessarily occurs where the act of driving occurred. *See Deaner v. Commonwealth*, 210 Va. 285, 289, 170 S.E.2d 199, 202 (1969)(the same act of driving that gives rise to the offense gives rise to the independent implied consent violation). The act of refusal is inseparable from the implied consent and the act of driving itself. Thus, the location of the magistrate before whom the arresting officer takes the refusing individual is irrelevant to the issue of whether the implied consent law was violated in a particular jurisdiction. The city's jurisdiction to punish the defendant for violating the city's implied consent ordinance was established by proof that the defendant was arrested for driving while intoxicated within the city and thereafter refused to submit to the taking of a breath or blood sample. Therefore, the conviction is affirmed.

*Affirmed.*

Duff, J., and Moon, J., concurred.